**Paul B. BROWER, Plaintiff,**

v.

**David W. MARTIN, New York State Correctional Officers and Police Benevolent Association, Inc., a/k/a NYSCOPBA, and Corrections Officers and Police Supporting Children Through Awareness and Reality Based Education, a/k/a COPSCARE, Defendants.**

**No. 05 CIV. 4205(CM).**

United States District Court, S.D. New York.

Aug. 14, 2006.

Paul B. Brower, Middletown, NY, Pro se.

James T. Potter, Hinman, Straub, P.C., Thomas Daniel Latin, Sheehan, Greene, Carraway, Golderman & Jacques, LLP, Albany, NY, for Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MCMAHON, District Judge.

In late 1999, Defendant New York State Correctional Officers and Benevolent Association ("NYSCOPBA") introduced the S.M.A.R.T. Program, a child abduction prevention and awareness program. Plaintiff Paul Brower, an employee of the New York State Office of Mental Health, served on NYSCOPBA's Publicity and Meetings Committee. In January and February 2000, plaintiff, who sought to assist Defendant David Martin in development of the S.M.A.R.T. Program, was granted sporadic employee organizational leave ("EOL")—a benefit negotiated between NYSCOPBA and the State of New York, whereby a bargaining unit member is assigned to work full time for NYSCOPBA and his salary and benefits are paid by the State of New York. From April 3, 2000 to July 1, 2001, plaintiff was granted union leave and began working full time for NYSCOPBA on the S.M.A.R.T. Program.

While on union leave, plaintiff's salary and benefits were paid directly by NYSCOPBA. From July 1, 2001 through the end of December 2002, plaintiff again was granted EOL, and continued to work full-time for NYSCOPBA on the S.M.A.R.T. Program.

During his tenure with NYSCOPBA, plaintiff helped create and implement the S.M.A.R.T. Program, participated in numerous S.M.A.R.T. Program performances, and composed a series of songs, including "Rudy the Fox," "Rudy's Theme," "Rosie O'Durham," and "Badillo Beat," for use in S.M.A.R.T. Program performances. In addition to his salary, which was paid by NYSCOPBA while he was on union leave and by the State of New York while he was on EOL, NYSCOPBA paid plaintiff an annual stipend of $7,500. Plaintiff also received from NYSCOPBA a series of one-time payments for his work on the S.M.A.R.T. Program.

In December 2002, plaintiff's EOL status was terminated, and plaintiff ceased working for NYCOPBA. Defendants continued to use certain songs written by plaintiff in their S.M.A.R.T. Program performances, although which songs they continued to use is in dispute.

Plaintiff brings this action, *pro se*, against Defendants David Martin, NYSCOPBA, and COPSCARE, a not-for-profit organization established by NYSCOPBA to administer various educational and community outreach programs, for violation of his alleged copyright in the aforementioned songs. Plaintiff seeks damages and injunctive relief.

Defendants, claiming that the songs are "works for hire" and thus the lawful property of NYSCOPBA and COPSCARE, assert counterclaims for copyright infringement, and move for summary judgment under Federal Rule of Civil Procedure 56(c).

■ Pursuant to 17 U.S.C. § 201(b), "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." The statute defines "work made for hire" as, *inter alia*, "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101 (1994). The Supreme Court held in *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), that common law agency principles govern ownership of the copyright under the work-for-hire doctrine. As enumerated in *Reid*,

> In determining whether a hired party is an employee [as opposed to an independent contractor] under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required, the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* at 751–52, 109 S.Ct. 2166; *see also Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 110 (2d Cir.1998).

■ Defendants correctly identify as the relevant issue in this case whether the

songs written by plaintiff are works-for-hire. However, based on the evidence in the record, the court concludes that there exist numerous questions of material fact including, but not limited to, the following:

- The scope of plaintiff's employment with NYSCOPBA. No written employment contract exists between the parties. Plaintiff claims, "The role and function of Plaintiff was to develop a narrative that would be educational, pragmatic and memorable. Plaintiff was not hired as a composer/ lyricist, recording/ performing artist." Pl.'s Stmt. Of Disputed Facts at ¶ 10. Plaintiff asserts that any songs that he wrote were created on his own time with his own resources. Aff. Of Paul Brower at ¶ 6. Defendants counter, "Plaintiff was assigned job duties by NYSCOPBA other than creating the Project S.M.A.R.T. Program [and] appearing at the S.M.A.R.T. Programs." Def.'s Stmt. Of Uncontested Facts at ¶ 13. Specifically, "Plaintiff's duties included writing music for the S.M.A.R.T. Program." Aff. Of Dennis Fitzpatrick at ¶ 9.

- Whether plaintiff was being compensated by NYSCOPBA or the State of New York at the time he wrote each of the songs at issue. Defendants claim, "At a meeting of the Publicity and Meetings Committee of NYSCOPBA held during April, 2000 [when plaintiff was on union leave and being paid directly by NYSCOPBA], the Plaintiff ran ideas for the unfinished 'Rudy the Fox' song past the Committee members for their review and approval." Def.'s Stmt. Of Uncontested Facts at ¶ 20. However, it is unclear whether plaintiff had begun work on "Rudy the Fox" prior to April, 2000, when he was on EOL (or not officially working for NYSCOPBA at all). Additionally, the record is devoid of evidence regarding when plaintiff wrote "Rudy's Theme," "Rosie O'Durham," "Badillo Beat," or any other songs that plaintiff may have created for the S.M.A.R.T. Program.

- How plaintiff was compensated for the songs he wrote. It is undisputed that at all relevant times plaintiff received both a salary (paid either by NYSCOPBA or the State of New York) and a stipend from NYSCOPBA. However, the record does not indicate whether it was plaintiff's salary or the stipends he received, or both, that compensated him for the songs he wrote for the S.M.A.R.T. Program.

In light of these and other disputed questions of material fact, the court cannot conclude as a matter of law whether plaintiff's songs constitute works-for-hire or to whom the copyright in these songs belongs.

Accordingly, defendants' motion for summary judgment is denied. This case will be set for trial at the earliest opportunity.

This constitutes the decision and order of the Court.